## No. 802.

### FANNY E. LEMOINE, Wife, v. JAMES POWERS.

The remaining portion of the unpaid price of community property acquired during marriage. is a community debt, and this debt is secured by the vendor's privilege. Where this privilege existed anterior to the wife's tacit mortgage, which commenced only from the time her husband became her debtor, it can not of course be controlled by it.

APPEAL from the Eighth Judicial District Court, parish of St. Landry Thomas H. Lewis, acting judge. Henry L. Garland, for plaintiff and appellant. J. J. Morgan, for defendant and appellee. Joseph M. Moore, for warrantor.

MORGAN, J.    Plaintiff alleges that on the twenty-fifth August, 1865, her husband received $1000, and on the thirtieth August $4212 56, in all $5212 56; all of which was money belonging to her. That she obtained judgment against her husband for this sum, a great part of which remains unsatisfied.

She brings suit against the defendant, alleging that he holds property upon which she has a tacit mortgage, recorded in accordance

with the requirements of the law, for the restitution of this debt due her by her husband.

During their marriage (twenty-eighth January, 1857,) plaintiff's husband purchased a plantation from Taylor, in part payment of which he gave his promissory notes secured by mortgage and vendor's privilege on the property sold. The notes were not paid at maturity. They were sued upon; judgment was rendered against him; the property mortgaged was sold in satisfaction thereof by the sheriff, and was purchased by Donnell; Donnell sold to Powers.

The property was acquired during marriage; it was therefore community property. The remaining portion of the unpaid price was a community debt. This debt was secured by the vendor's privilege; this privilege existed anterior to the wife's tacit mortgage, which commenced only from the time her husband became her debtor, and can not be controlled by it.

The judgment appealed from is correct. It is therefore affirmed, with costs.